

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY TEVIS; NANCY TEVIS, | No. 15-16962 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00972-TLN-GGH |
| v. | |
| CALIFORNIA DEPARTMENT OF VETERANS AFFAIRS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Nancy and Larry Tevis appeal pro se from the district court's judgment

dismissing their action for lack of subject matter jurisdiction. We have jurisdiction

under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court dismissed plaintiffs' action for lack of subject matter jurisdiction, finding that plaintiffs claim under 42 U.S.C. § 1983 was so insubstantial and without merit as to not create subject matter jurisdiction under 28 U.S.C. § 1331. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) (there is no jurisdiction where a claim "appear[s] to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" (citation and internal quotation marks omitted)). The district court also determined there was no basis for diversity jurisdiction under 28 U.S.C. § 1332.

In their opening brief, plaintiffs fail to address how the district court erred in making either ruling. As a result, they have waived their appeal of the dismissal order. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . .").

Plaintiffs' March 7, 2016 request to exclude appellees from being heard at oral argument is denied as moot.

**AFFIRMED.**